E-FILED
Monday, 16 March, 2026 11:01:35 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

Shannon Stephenson
(Name of the plaintiff or plaintiffs)

v.

Sunset Inn and Suites, Inc.
Richard Douglas
Debrah Douglas
(Name of the defendant or defendants)

CIVIL ACTION

NO. 26-cv-3093

FILED
3/16/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. Plaintiff ☒ DOES ☐ DOES NOT demand a jury trial.

## I. PARTIES

2. The plaintiff is Shannon Stephenson,

whose street address is 502 N Madison St,

(city) Clinton (state) IL (ZIP) 61727

(Plaintiff's telephone number) (217) – 671-0400

3. The defendant is Sunset In and Suites, Richard Douglas and Debrah Douglas, whose

street address is 4131 Brush College Rd,

(city) Clinton (state) IL (ZIP) 61727

(Defendant's telephone number) (217) – 433-5421 and (217)433-6521

4. The alleged discrimination occurred at 100 Sunrise Ct

(city) Clinton (state) IL (ZIP) ________

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__________, (day)_______, (year) 2009.

**II. JURISDICTION**

7. Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

   ☒ Age (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

   ☐ Color (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Disability (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

   ☐ National Origin (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Race (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Race (42 U.S.C. § 1981)

   ☐ Religion (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☒ Sex/Gender (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☒ Sex/Gender (Equal Pay Act, 29 U.S.C. § 206)

   ☐ Use of Leave (Family and Medical Leave Act, 29 U.S.C. § 2611)

   ☐ Other (list): ____________________

8. Plaintiff ☒ HAS ☐ HAS NOT filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

9. Plaintiff ☐ HAS ☒ HAS NOT filed a charge before the Illinois Department of Human Rights (IDHR) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

10. Plaintiff ☒ HAS ☐ HAS NOT received a Right to Sue Notice. If yes, Plaintiff's Right to Sue Notice was received on or about (date) 12/17/2025.

**{Attach copy of Notice of Right to Sue to this complaint.}**

## III. FACTS IN SUPPORT OF CLAIM

11. The defendant intentionally discriminated against Plaintiff [***check only those that apply***]:

(a) ☐ by failing to hire the plaintiff.

(b) ☐ by terminating the plaintiff's employment.

(c) ☐ by failing to promote the plaintiff.

(d) ☐ by failing to stop harassment;

(e) ☐ by failing to reasonably accommodate the plaintiff's disabilities.

(f) ☐ by failing to reasonably accommodate the plaintiff's religion.

(g) ☒ by retaliating against the plaintiff because the plaintiff did something to assert *rights protected by the laws;*

(h) ☐ by coercing, intimidating, threatening or interfering with the plaintiff's exercise or enjoyment of rights;

(i) ☒ with respect to the compensation, terms, conditions, or privileges of employment;

(j) ☐ other (specify): ______________________________

12. State here briefly and as clearly as possible the essential facts of your claim. Describe precisely how each defendant in this action is involved. Give dates and places. Concentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights. It is not necessary to make legal arguments or cite any cases or statutes.

See attached

13. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ *Direct the defendant to (specify):* ______________________

(g) [X] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [X] Grant such other relief as the Court may find appropriate.

Shannon Stephenson

(Plaintiff's signature)

Shannon Stephenson

(Plaintiff's name)

502 N Madison St

(Plaintiff's street address)

(City) Clinton (State) IL (ZIP) 61727

(Plaintiff's telephone number) (217) – 671-0400

Date: 03/16/2026

**Attachment A**

# *Statement of Facts in Support of Complaint*

## Background and Employment History

Plaintiff Shannon Stephenson began working for Sunset Inn & Suites Inc. in Clinton, Illinois on November 4, 2004. Plaintiff remained employed by Defendants until August 2024 and served as the General Manager responsible for the daily operation of the hotel.

As General Manager, Plaintiff supervised front desk staff, oversaw housekeeping operations, coordinated maintenance, scheduled employees, interviewed job applicants, made hiring decisions for hotel staff, and handled employee discipline and termination matters. Plaintiff exercised primary authority over daily hotel operations and staff.

Plaintiff has worked in hotel management since approximately 1995 and possessed extensive management experience prior to and during employment with Defendants, including management positions with nationally recognized hotel brands.

## Comparator Employee and Unequal Compensation

Plaintiff was born August 20, 1966 and was over the age of forty during the relevant time period. Nathan Douglas, a substantially younger male employee born October 21, 1984, also worked in a management role at the hotel and shared responsibility for overseeing operations. Nathan Douglas did not supervise Plaintiff and did not have authority over Plaintiff's employment.

Despite Plaintiff's greater experience and responsibilities, Defendants compensated Nathan Douglas substantially more than Plaintiff for performing comparable duties. Nathan Douglas received additional benefits including health insurance, a company vehicle, a company cell phone, overtime opportunities, and access to company financial privileges. Plaintiff did not receive comparable compensation or benefits.

Plaintiff and Nathan Douglas performed substantially equal work requiring equal skill, effort, and responsibility under similar working conditions. The pay disparity was not based on seniority, merit, production, or any factor other than sex.

## Protected Activity and Complaints

*Plaintiff raised concerns regarding the unequal compensation and discriminatory treatment* between herself and Nathan Douglas. Plaintiff's complaints constituted protected activity under federal employment discrimination laws.

**Retaliation**

*After Plaintiff engaged in this protected activity, Defendants took adverse actions against* Plaintiff and her employment. These actions occurred shortly after Plaintiff's complaints, establishing a causal connection between Plaintiff's protected activity and Defendants' retaliatory conduct.

The actions of Defendants constituted unlawful discrimination on the basis of sex and age, unequal pay, and retaliation in violation of federal employment discrimination laws.

**Willful Violations**

The actions of Defendants were intentional and constituted unlawful discrimination based on Plaintiff's sex and age in violation of federal law including Title VII, the Equal Pay Act, and the Age Discrimination in Employment Act.

Defendants' conduct was willful, reckless, and carried out with disregard for Plaintiff's federally protected rights.

Defendants' violations were willful within the meaning of the Equal Pay Act and the Age Discrimination in Employment Act, entitling Plaintiff to liquidated damages in an amount equal to unpaid wages and other appropriate relief.

Plaintiff is entitled to recover all available relief under federal law, including back pay, front pay, compensatory damages, liquidated damages, punitive damages where permitted, and reasonable attorney's fees and costs.

Respectfully submitted,

Shannon Stephenson

Shannon Stephenson
502 N Madison St.
Clinton, IL 61727

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*Chicago District Office*
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/17/2025

**To:** Ms. Shannon E. Stephenson
502 N Madison ST
CLINTON, IL 61727
Charge No: 440-2025-01157

EEOC Representative and email: OLGA HARO
INVESTIGATOR
OLGA.HARO@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-01157.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
12/17/2025

Amrith Kaur Aakre
District Director

**Cc:**
Julie A Proscia
Amundsen Davis, LLC
3815 E. Main Street Suite A-1
St Charles, IL 60174

Richard Douglas
100 Sunrise Court 4131 Brush College Road
Clinton, IL 61727

Bryce A Lynch
Taylor & Lynch, LLC
216 S Center St PO Box 478
Clinton, IL 61727

NA NA
100 Sunrise Court 4131 Brush College Road
Clinton, IL 61727

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. *If you intend to consult an attorney, you should do so promptly.* Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2025-01157 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2025-01157 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.