E-FILED
Friday, 23 October, 2026 04:52:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **SHANNON STEPHENSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-cv-3093** |
| | ) | |
| **SUNSET INN AND SUITES, INC.,** | ) | |
| **RICHARD DOUGLAS, and DEBRAH** | ) | |
| **DOUGLAS,** | ) | |
| **Defendants.** | ) | |

# OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Richard Douglas and Debrah Douglas. (Doc. 10). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## I. FACTUAL ALLEGATIONS[1]

On March 16, 2026, Plaintiff Shannon Stephenson filed a pro se Complaint against Defendants Sunset Inn and Suites, Inc., Richard Douglas, and Debrah Douglas, asserting claims of age, sex, and gender discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and the Equal Pay Act, 29 U.S.C. § 206. Plaintiff also alleges Defendants retaliated against her for exercising her rights.

[1] Because this matter is before the Court on a motion to dismiss, these allegations are taken from Plaintiff's Amended Complaint.

Plaintiff alleges she began working at Defendant Sunset Inn & Suites in Clinton, Illinois on November 4, 2024, and remained employed there as the general manager until August 2024. Plaintiff's job duties included supervising front desk staff, overseeing housekeeping operations, coordinating maintenance, scheduling employees, interviewing job applicants, making hiring decisions, and handling employee discipline and termination matters. Plaintiff has worked in hotel management since approximately 1995 and possessed extensive management experience prior to and during her employment with Defendants.

Plaintiff, who was born in 1966, alleges this case arises out of the Defendants' discrimination against her with respect to compensation, terms, conditions, or privileges of her employment in comparison to a male employee, Nathan Douglas, who was born in 1984. While Douglas also worked in management and shared responsibility with Plaintiff overseeing operations, Douglas did not supervise Plaintiff and had no authority over her employment. Plaintiff alleges that despite performing substantially equal work, Douglas received additional compensation and additional benefits.

Plaintiff alleges that, soon after raising her concerns about compensation and treatment, Defendants took adverse action against her. Plaintiff claims the actions of Defendants constitute unlawful discrimination on the basis of sex and age, in addition to constituting retaliation. Plaintiff filed an EEOC charge and was issued a notice of right to sue letter on December 17, 2025.

## II. DISCUSSION

Defendants seek dismissal because Plaintiff did not exhaust her remedies against Defendants Richard Douglas and Debrah Douglas and individual Defendants cannot be sued in their individual capacities under the ADEA, Title VII, or the Equal Pay Act. In response, Plaintiff argues this case arises from a long-term employment relationship which began when Plaintiff started working in Richard Douglas's hospitality business in approximately 1992. Plaintiff further alleges she has plausibly alleged discrimination and retaliation and Defendants improperly seek to resolve factual disputes.

### A. Legal Standard

A plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means providing the defendant with "fair notice" of what it must defend itself against and whether there is some reason to believe it ultimately could be found liable. *Williams v. Dart*, 867 F.3d 625, 638 (7th Cir. 2020). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when . . . [it] pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570).

**B. Analysis**

Plaintiff's Title VII claims against Richard and Deborah Douglas fail because supervisors are not individually liable under Title VII, *see Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012), or the ADEA. *See Horwitz v. Bd. of Educ. Of Avoca. School Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001). By its terms, the Equal Pay Act refers to employers and not to individuals. "The Equal Pay Act prohibits an employer from discriminating between employees on the basis of sex." *See Lauderdale v. Illinois Dept. of Human Services*, 876 F.3d 904, 907 (7th Cir. 2017) (citing 29 U.S.C. § 206(d)(1)). Thus, Plaintiff cannot assert viable claims against the individual Defendants that are based on the ADEA, Title VII, or the Equal Pay Act. Therefore, the individual Defendants' Motion to Dismiss is Granted.

**III. CONCLUSION**

In her Response, Plaintiff requests leave to amend if the Court determines any portion of her Complaint is subject to dismissal. Because Plaintiff is proceeding pro se, the Court would usually afford Plaintiff an opportunity to amend her complaint but under Plaintiff's current legal theories, granting leave to add individual defendants is futile. For these reasons, Defendants' Motion to Dismiss (Doc. 10) is GRANTED. The Clerk will terminate Richard Douglas and Debrah Douglas as parties.

ENTER: October 23, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE